# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No: 6:14-cv-1772-Orl-40KRS**

**SABRINA D. MILLER,**

**Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 10)** |
| **FILED:** | **January 21, 2015** |

## I. PROCEDURAL HISTORY.

On October 31, 2014, the United States of America ("United States") filed a complaint against Defendant Sabrina D. Miller seeking to recover principal and interest owed by Miller due to her failure to make payments on a student loan, along with attorney's fees and costs. Doc. No. 1.

Personal service of the summons and complaint was properly effectuated on November 3, 2014. *See* Doc. No.7 at 3. Miller subsequently failed to appear and respond to the complaint. Upon motion by the United States, the Clerk of Court entered a default against Miller on December 23, 2014. *See* Doc. Nos. 8, 9.

On January 21, 2015, the United States filed the instant Motion for Entry of Default Judgment. Doc. No. 10. In support of its motion, the United States submitted the following, among other documents:

- Certificate of Indebtedness for the loans at issue (*id.* at 6);[1]
- Declaration of Attorney's Fees from counsel for the United States requesting $980.00 in attorney's fees (*id.* at 7-8);
- Invoice for the service of process costs (*id.* at 9);
- Copy of the promissory note at issue in the instant case (*id.* at 10-11); and,
- Declaration of counsel for the United States averring, among other things, that Miller is neither an infant nor an incompetent person requiring special service in accordance with Federal Rule of Civil Procedure 4(g) and is not serving within the armed forces of the United States so as to be entitled to the protection of 50 U.S.C. App. Section 520 (*id.* at 12-13).

The United States also seeks to recover $35.00 in costs pursuant to 28 U.S.C. § 1921. *Id.* at 3.

The United States served the motion on Miller via U.S. Mail, but she has failed to respond and the time for doing so has passed. *See id.* at 4. The motion was referred to me for the issuance of a Report and Recommendation. Accordingly, the motion for default judgment is ripe for consideration.

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine

[1] This is an updated version of the Certificate of Indebtedness attached to the complaint. *See* Doc. No. 1-1.

whether [the] plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Smyth*, 420 F.3d at 1232 n.13.

## III. ALLEGATIONS OF THE COMPLAINT.

On or about June 27, 1991, Miller executed a promissory note to secure a loan of $2,625.00, from Aetna Bank, Lawrence, KS ("Aetna"). Doc. No. 1-1. The loan was disbursed for $1,313.00 on August 13, 1991. The loan was guaranteed by Illinois Student Assistance Commission, and then reinsured by the U.S. Department of Education ("Department") under the Higher Education Act of 1965, 20 U.S.C. § 1071, *et seq.* *Id.*

The original holder of the loan (Aetna) demanded payment according to the terms of the note. Miller defaulted on the obligation on March 19, 1996, and Aetna filed a claim on the loan guarantee. Due to the default, the guaranty agency (Illinois Student Assistance Commission) paid the claim in the amount of $1,706.99 to Aetna. The Department then reimbursed the Illinois Student Assistance Commission for that claim under the reinsurance agreement. *Id.*

The guarantor attempted to collect the debt from Miller, but was unable to collect the full amount due. On September 9, 2003, the guarantor assigned its right and title to the loans to the Department. Since the assignment of the loans, the Department has credited to the balance a total of $0.00 in payments from all sources. *Id.*

The United States alleges that demand has been made upon Miller, but that she has neglected and refused to pay the amount that she owes. Doc. No. 1 ¶ 4. Accordingly, as of October 22, 2014, Miller owed $1,706.99 in principal and $1,983.43 in interest for a total debt of $3,690.42. *Id.* Interest on the principal continued to accrue at the rate of $0.15 per day until June 30, 2014 and thereafter at such a rate the Department established pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a. Doc. No. 1-1.

**IV. ANALYSIS.**

*A. Liability.*

"To recover on a promissory note, the government must show [that] (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)) (unpublished decision cited as persuasive authority).

The United States does not allege in the body of the complaint that Miller executed the promissory note, that it is the present owner or holder of the note, or that the note is in default.

However, Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." As discussed above, the United States attached to the complaint a verified Certificate of Indebtedness. *See* Doc. No. 1-1. In the Certificate of Indebtedness, the loan analyst avers that Miller executed the promissory note at issue in this case to secure a loan from Aetna, all rights and title to the loan have been assigned to the Department, and Miller has defaulted on her obligation to repay the loan. *See id.* By failing to answer the complaint, Miller is deemed to have admitted these factual allegations. Accordingly, I recommend that the Court find that these admissions are sufficient to establish that Miller is liable for payment due under the note.

*B. Damages.*

In the verified Certificate of Indebtedness submitted in support of the motion for summary judgment, the Department's loan analyst avers that Miller owes the United States the following sum:

| | | |
|---|---|---|
| Principal: | $1,706.99 | |
| Interest | $1,996.48 | (as of January 15, 2015) |
| Total debt as of 01/15/15 | $3,703.47 | |

Doc. No. 10 at 6. The loan analyst further avers that Miller owes the United States additional prejudgment interest in the amount of $0.15 per day through June 30, 2015, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1077a. *Id.* This is sufficient to establish the amount of damages Miller owes the United States.

*C. Costs.*

The United States also seeks to recover $35.00 in service of process costs. Doc. No. 10 at 3. Counsel for the United States avers that the United States incurred a service of process fee in this amount. Doc. No. 10 at 13.

Federal Rule of Civil Procedure 54 provides that "costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a United States statute or federal rule of civil procedure to the contrary. Fed. R. Civ. P. 54(d)(1). Service of process costs, like the costs in this case, are taxable costs. *See EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921."); *see also* 28 U.S.C. § 1920(1); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3) (The U.S. Marshals Service collects "[f]or process served or executed personally—$65 per hour (or portion thereof) for each item served . . . .").

Accordingly, I recommend that the Court find that the United States is entitled to $35.00 in service of process costs.

*D. Attorney's Fees.*

1. <u>Whether the United States Is Entitled to Recover Attorney's Fees</u>.

The United States argues that it is entitled to recover attorney's fees from Miller pursuant to the terms of the promissory note, 20 U.S.C. § 1091a(b)(1) and its implementing regulations. Doc. No. 10 at 2-3.

The United States relies upon the following language in the note:

> I promise to pay you or the assigned a sum equal to the loan amount I have requested in Section A at item 5, or any lesser amount which may be disbursed to me, plus interest and any other charges which may become due as provided in this loan agreement. My signature certifies that I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side of this Application/Promissory Note. I have received a copy of this document and the listing of Borrower's Rights and Responsibilities [.]"

*Id.* at 10. In addition, under the subheading "Additional Agreements," the note states, "If I fail to make any payments when they are due, I will also pay all charges and other costs (including, but not limited to, reasonable attorney's fees and collection costs) incurred for the collection and/or enforcement of this Note." *Id.* at 11. This language unambiguously entitles the United States to

attorney's fees for the collection of the amounts due on the loan. Accordingly, I recommend that the Court find that the United States is entitled to recover attorney's fees in this case.

2. Attorney's Fees – Lodestar Analysis.

The United States seeks to recover $980.00 in attorney's fees. Doc. No. 10 at 2, 7-8. In support of its request for attorney's fees, the United States submitted a declaration in which Steven M. Davis, Esq., counsel for the United States, attests to the amount of time that he spent on the case and his usual and customary hourly rate of $200.00. *Id.* at 7-8.

Attorney Davis has been a member of the Florida Bar since 1991. *See* The Florida Bar – Find a Lawyer, http://www.floridabar.org/names.nsf/MESearchDK?OpenForm (search "Steven Mark Davis") (last visited Feb. 17, 2015). He seeks a rate of $200.00 per hour. I recommend that the Court find that this hourly rate is reasonable in the central Florida market for an attorney with 23 years of experience in a case of this type. *See, e.g., United States v. Hollyfield*, No. 6:14-cv-10-Orl-41KRS, 2014 U.S. Dist. LEXIS 119548, at *5 (M.D. Fla. July 29, 2014), *adopted*, 2014 U.S. Dist. LEXIS 119552 (M.D. Fla. Aug. 27, 2014) (approving $200.00 hourly rate for Attorney Davis).

Attorney Davis also submitted a time sheet showing that he worked 4.9 hours on this case. Doc. No. 10 at 7-8. I recommend that the Court find that the hours worked are reasonable in the absence of objection.

Accordingly, the lodestar attorney's fee is $980.00.[2] I recommend that the Court find that this fee is reasonable in the absence of objection.

[2] Calculated as follows: $200.00 per hour × 4.9 hours worked by Attorney Davis = $980.00.

## V. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT** the Motion for Entry of Default Judgment (Doc. No. 10);

2. **FIND** Sabrina D. Miller liable to the United States of America in the amount of $1,706.99 plus accrued prejudgment interest through the date of entry of the judgment;

3. **AWARD** the United States attorney's fees in the amount of $980.00 and costs in the amount of $35.00;

4. **DIRECT** the United States to submit a proposed judgment with the prejudgment interest properly calculated as of a date provided by the Court following the Court's ruling on this Report and Recommendation; and,

5. **DIRECT** the Clerk of Court to enter a final judgment in a form the Court finds appropriate and, thereafter, close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 17, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy